UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SCHWINGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 11-cv-8712 |
| ELITE PROTECTION AND | ) | |
| SECURITY, LTD., | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Schwingel filed a *pro se* Amended Complaint against

Elite Protection and Security, Ltd. ("Elite"), after his Complaint was dismissed without

prejudice. (*See* Dkt. No. 18.) In his Amended Complaint, Schwingel brings one count

against Elite under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. ("Title

VII"). Elite has filed a Motion to Dismiss Schwingel's Amended Complaint. Plaintiff

filed a response, and Elite failed to file a reply.

## BACKGROUND

The following facts are drawn from Schwingel's Amended Complaint and its

attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See*

*Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Schwingel was

employed at Elite from June 21, 2010 until May 26, 2011, when his employment was

terminated. (Am. Compl. ¶ 8.) Schwingel ascribes to Messianic Judaism, and Elite made

accommodations for Schwingel's religion, including setting a schedule such that

Schwingel did not work during the Sabbath. (*Id.* ¶ 10.) On May 14, 2011, the owner of

Elite's office building removed all chairs from the work stations. (*Id.* ¶ 12.) To comply

with Biblical Niddah laws, Schwingel made a makeshift seat and wrote "For Men Only" and Bible verses on the seat. (*Id*. ¶ 13.) After using the makeshift seat for a couple of days, Schwingel began using a five-gallon bucket as a seat and left the makeshift seat at his work station. (*Id*.) On May 24, 2011, a female employee, Melody Russell, took Schwingel's makeshift seat to her own work station and "began yelling about the 'For Men Only' sign," and Schwingel alleges that he "objected." (*Id*. ¶ 14.)

Russell later filed a sexual harassment complaint against Schwingel. (*Id*.) On May 26, 2011, Elite's president, Bill Snyder, terminated Schwingel's employment. (*Id*. ¶ 20.) During this meeting, Snyder "held up a picture of the writing with the Bible references" to Schwingel and told Schwingel "this is going to sink you." (*Id*.) Snyder told Schwingel that, if the sexual harassment claim was ultimately invalid, he would rehire Schwingel. (*Id*.) Schwingel's employment at Elite has not been restored. Schwingel filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a charge of discrimination.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most

favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

Although the filings of *pro se* litigants are subject to more liberal review and interpretation, a *pro se* plaintiff must still comply with local rules. *See Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008) ("Judges, of course, must construe *pro se* pleadings liberally. But procedural rules cannot be ignored.") (internal citations omitted).

## ANALYSIS

Schwingel brings a claim for wrongful termination, pursuant to Title VII. To state a claim of employment discrimination, a plaintiff must state that: "(1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the two." *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008). Schwingel's Amended Complaint sufficiently states an employment discrimination claim. Schwingel alleges that he practiced his religious beliefs while

working at Elite, that Snyder held up a picture of Schwingel's biblical writing and said "this is going to sink you" during their meeting on May 26, 2011, and that Schwingel's employment was terminated during this meeting.

In its Motion to Dismiss, Elite glosses over Schwingel's allegation regarding Snyder. Instead, Elite focuses on Schwingel's allegation that Snyder told Schwingel he would be rehired if the sexual harassment allegations against Schwingel were dropped. Elite argues that this "impl[ies] that Plaintiff was terminated due to the altercation with another employee and the sexual harassment complaint filed against him, not any perceived religious discrimination." (Mot. at 5.)

However, in ruling on a motion to dismiss, the Court must construe Schwingel's Amended Complaint in the light most favorable to him. The inquiry at this stage of litigation is whether, viewing the allegations in Schwingel's favor, he has alleged sufficient facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 555, 570. From Schwingel's allegation regarding Snyder, discussed above, a reasonable inference could be drawn that Elite terminated Schwingel based on his religious practices.

## CONCLUSION

For the reasons set forth above, Elite's Motion to Dismiss Amended Complaint

[21] is denied.

Date: _____March 20, 2013_____        _____
                                      JOHN W. DARRAH
                                      United States District Court Judge